UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * *
R. ALEXANDER ACOSTA,                    *
SECRETARY OF LABOR,                     *
United States Department of Labor,      *
                                        *
              Plaintiff,                *
                                        *    CIVIL ACTION
       v.                               *
                                        *    Injunctive Relief Sought
KLAUS RESTAURANTS, INC.                 *
d/b/a VILLAGE PIZZA AND GRILL, and      *
KLAUNDJON TOTONI, President,            *
                                        *
              Defendants.               *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

## COMPLAINT

Plaintiff, Acting Secretary of Labor, United States Department of Labor, brings this action to enjoin Defendants from violating the provisions of Sections 6, 7, 11, 12, 15(a)(2), 15(a)(4) and 15(a)(5) of the Fair Labor Standards Act of 1938 (the "Act"), 29 U.S.C. §§206, 207, 211, 212 215(a)(2), 215(a)(4),and 215(a)(5), and to recover unpaid wages and liquidated damages pursuant to the provisions of Sections 15(a)(2) and 16(c) of the Act, 29 U.S.C. §§ 215(a)(2), 216(c).

I

Jurisdiction of this action is conferred upon this Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. § 1345.

1

II

The period covered by this complaint is May 2, 2014 to the present.

III

Defendant KLAUS RESTAURANTS, INC., d/b/a VILLAGE PIZZA AND GRILL (collectively, "Village Pizza"), is, and at all times hereinafter mentioned was, a corporation having an office and place of business located at 56 L Street, Boston, MA, 02127, within the jurisdiction of this Court, and is now, and at all times hereinafter mentioned was, engaged at that place of business in the operation of a pizza restaurant.

IV

Defendant KLAUNDJON TOTONI ("Totoni'), resides at 69 Sagamore Road, Quincy, Massachusetts 02171, within the jurisdiction of this Court, and is now, and at all times hereinafter mentioned was, president and director of Defendant Village Pizza and owner of that business, and as such actively manages, supervises, and directs the business affairs and operations of said business, including hiring and firing of employees, running the restaurant, and supervising the scheduling and payment of employees. Defendant Totoni has acted at all times material herein directly and indirectly in the interest of Defendant Village Pizza in relation to its employees, and was and is, therefore, an employer of said employees, within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

V

Defendants Village Pizza and Totoni are, and at all times hereinafter mentioned were, engaged in related activities performed through unified operation or common control for a common business, and they are, and at all times hereinafter mentioned were, an enterprise within the meaning of Section 3(r) of the Act, 29 U.S.C. § 203(r).

## VI

At all times hereinafter mentioned, Defendants Village Pizza and Totoni employed employees, in the activities of said enterprise, which is engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including receiving baking goods and drinks that have crossed state lines. Said enterprise, during the covered period, has had an annual gross volume of sales made or business done in an amount not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated). Therefore, said employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s) of the Act, 29 U.S.C. § 203(s).

## VII

Defendants have willfully and repeatedly violated and are violating the provisions of sections 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a) by failing to pay approximately five (5) delivery drivers for all hours worked cleaning the restaurant after the restaurant closed and for failing to pay approximately three (3) delivery drivers for all hours worked shopping for the restaurant before the restaurant opened. While Defendants failed to keep any records of hours worked, it is estimated that approximately five (5) delivery drivers were not paid for hours they cleaned the restaurant approximately thirty (30) minutes after the restaurant closed every day that they worked, and it is estimated that approximately three (3) delivery drivers were not paid for approximately three (3) hours they spent per week shopping for the restaurant before the restaurant opened.   An example of this is a delivery driver who worked approximately six (6) days per week, during the period between September 19, 2014 and September 19, 2016 and was not paid for approximately six (6) hours per week (three (3) hours of unpaid shopping time and three (3) hours of unpaid cleaning time).  Defendants also willfully and repeatedly violated the provisions of sections 6 and 15(a)(2) of the Act by failing to pay approximately one (1) delivery

3

driver for any hours worked during his final work week at the restaurant. This occurred during the week of July 31, 2015 for approximately twenty-nine (29) hours. In addition, the defendants willfully and repeatedly violated the provisions of sections 6 and 15(a)(2) by paying at least one (1) food preparation employee wages at rates less than the applicable state minimum wage of $9.00 per hour during work weeks between January 2, 2015 and February 27, 2015, where that employee worked more than 40 hours per week.

VIII

Defendants have willfully and repeatedly violated the provisions of Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a), by employing and failing to properly compensate approximately eleven (11) employees performing work as food preparation workers, counter workers, cooks and delivery drivers. These employees worked for workweeks longer than forty (40) hours, and received compensation from Defendants for their employment in excess of forty (40) hours in said workweeks at rates less than one and one-half times the regular rate at which they were compensated. All such employees were paid straight time for overtime hours worked in cash. For example, a counter employee worked approximately fifty-five (55) hours per week during the weeks between September 19, 2014 and September 16, 2016 and was not paid the overtime premium for hours over 40 per week. Another example is a delivery driver who worked approximately seventy-two (72) hours per week during the time period between September 19, 2014 and September 16, 2016 and was not paid the overtime premium for hours over 40 per week.

IX

Defendants have willfully and repeatedly violated the provisions of Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), in that they failed to make, keep, and

4

preserve adequate and accurate records of employees' wages, hours, and other conditions and practices of employment, as prescribed by regulations duly issued pursuant to authority granted in the Act and found in Title 29, Part 516 of the Code of Federal Regulations. The Defendants failed to keep any records of hours worked for all of their employees.  Further, Defendants' payment records did not include records of payment for hours worked over forty per week, or payments in cash.   In addition, Defendants' payment records did not include a number of employees, including two (2) children, aged fifteen (15) and seventeen (17) at the time of employment, approximately  three (3) employees working as cooks and counter help, and approximately four (4) delivery drivers.  Defendant Totoni provided false information to the Wage and Hour Investigator, such as claiming falsely that one food preparation employee was his father, and that Defendants did not employ any workers under the age of nineteen (19).

X

Defendants have willfully and repeatedly violated the provisions of Section 12(c) and 15(a)(4) of the Act, 29 U.S.C. §§ 212(c) and 215(a)(4), in that they have employed oppressive child labor.  Specifically, during the approximate period between April 29, 2016 and July 29, 2016, the defendants allowed a seventeen (17) year old employee use a dough mixer approximately once per day in violation of 29 CFR 570.82.  Defendants, during the approximate period between May 6, 2016 and  July 29, 2016, allowed a fifteen (15) year old employee use a meat slicer in violation of 29 CFR 570.33(e) and a dough mixer in violation of 29 CFR 570.82. Defendants also during the same approximate period allowed a fifteen (15) year old employee to work more than eight (8) hours and after 9:00 pm in the summer, and more than eighteen (18) hours a week during a school week., in violation of 29 CFR 570.35(a).  Defendants kept no

records of these child employees, and denied to investigators that they employed children under nineteen years of age.

XI

Throughout this period, Defendants have willfully and repeatedly violated the aforesaid provisions of the Act as alleged, and a judgment enjoining such violations is expressly authorized by Section 17 of the Act, 29 U.S.C. § 217.

XII

WHEREFORE, cause having been shown, Plaintiff prays judgment permanently enjoining and restraining Defendants, their agents, servants, employees, and those persons in active concert or participation with them, or acting in their interest and behalf, from violating Sections 6, 7, 11, 12, 15(a)(2),15(a)(4) and 15(a)(5) of the Act, 29 U.S.C. §§ 207, 211, 212(c), 215(a)(2), 215(a)(4) and 215(a)(5), and for such other and further relief as may be necessary or appropriate, including the restraint of any withholding of payment of minimum wage and overtime compensation found by the Court to be due employees under the Act.

XIII

Plaintiff further seeks an award of liquidated damages equal in amount to the unpaid minimum wage and overtime compensation owed, as specifically authorized by Section 16(c) of the Act, 29 U.S.C. § 216(c).

XIV

WHEREFORE, cause having been shown, Plaintiff prays judgment ordering payment of unpaid wages found by the Court to be due employees listed in the attached Exhibit A, plus an equal amount as liquidated damages, and costs.

    Nicholas C. Geale
    Acting Solicitor of Labor

    Michael D. Felsen
    Regional Solicitor

    /s/ Susan G. Salzberg
    Susan G. Salzberg
    Senior Trial Attorney
    salzberg.susan@dol.gov
    MA BBO No. 556437

    U.S. Department of Labor
    Attorneys for Plaintiff

    Post Office Address:
    JFK Federal Building—Room E-375
    Boston, Massachusetts 02203
    TEL: (617) 565-2500
    FAX: (617) 565-2142