UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * *
R. ALEXANDER ACOSTA                          *
SECRETARY OF LABOR,                          *
United States Department of Labor,           *
                                             *
                          Plaintiff,         *
                                             *    Civil Action No.
                                             *    1:17-cv-10767-LTS
                                             *
            v.                               *
                                             *
KLAUS RESTAURANTS, INC.                       *
d/b/a VILLAGE PIZZA AND GRILL, and           *
KLAUNDJON TOTONI, President,                 *
                                             *
                          Defendants.        *
                                             *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

## CONSENT JUDGMENT AND ORDER

Plaintiff has filed a Complaint and Defendants have filed an Answer in the above

captioned matter. Defendants also hereby acknowledge assessment by Plaintiff of civil money

penalties for child labor violations in the amount of $16,634.00, the subject of an administrative

matter before the Office of Administrative Law Judges, (Case No. 2017-CLA-00002), under

Section 16(e) of the Fair Labor Standards Act of 1938 (the "Act"), 29 U.S.C. § 216(e), and 29

C.F.R. §§ 579.1–579.5, 580.1–580.18.  The Court finding that it has jurisdiction to enter this

Consent Judgment and Order, and Plaintiff and Defendants agreeing to its terms,

It is, therefore,

ORDERED, ADJUDGED and DECREED that Defendants, their agents, servants,

employees, and all persons acting or claiming to act in their behalf and interest be, and they

1



hereby are, permanently enjoined and restrained from violating the provisions of the Act, in any of the following manners:

Defendants shall not, contrary to sections 6 and 15(a)(2) of the Act, 29 U.S.C. § 206 and 215(a)(2), pay any employees who, in any workweek, are employed in commerce, or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, as defined by the Act, wages at rates less than the applicable minimum wage.

Defendants shall not, contrary to Sections 7 and 15(a)(2) of the Act, 29 U.S.C. § 207 and 215(a)(2), employ any employees who in any workweek are engaged in commerce or in the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty hours, unless such employee receives compensation for his employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed.

Defendants shall not fail to make, keep, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to Section 11(c) of the Act, 29 U.S.C. § 211(c), and found in Title 29, Part 516 of the Code of Federal Regulations.

Defendants shall not, contrary to the provisions of sections 12(c) and 15(a)(4) of the Act, 29 U.S.C. § 212(c) and 215(a)(4), employ any oppressive child labor within the meaning of section 3(l) of the Act, 29 U.S.C. § 203(l) .



Further, the Court, finding that the employees are due compensation in the amount of $231,683.00 (inclusive of back wages and liquidated damages), as shown on attached Exhibit A which is incorporated in and made a part hereof, it is ORDERED, ADJUDGED and DECREED that Defendants, without admitting or denying liability, jointly and severally, shall pay said compensation in accordance with the payment plan set out on attached Exhibit B, which is incorporated in and made a part hereof.

Defendants represent that they have been in compliance with the Act since August 7, 2018. In resolving the amount of back wages and liquidated damages in this judgment, Plaintiff has relied on this representation and, accordingly, the back wage and liquidated damages provisions of this judgment shall have no effect upon any back wages and liquidated damages which may have accrued since that date. The back wage and liquidated damages provisions of this judgment shall be deemed satisfied when Defendants, without admitting or denying liability, deliver to Plaintiff $ 115,841.50 in back wages, from which deductions for Defendants' employees share of social security and federal withholding taxes will be made by the Department of Labor, and $ 115,841.50 in liquidated damages, which is not subject to deductions. Defendants, jointly and severally, shall further pay the employers' share of social security and withholding taxes to the appropriate authority for the back wages paid pursuant to this judgment. The payments (back wages and liquidated damages) shall be made, according to the payment plan set out in Exhibit B, in the form of certified checks in the gross amounts due, made payable to "Wage and Hour Division—Labor,"

The checks shall be sent directly to:

> U.S. Department of Labor
> Wage and Hour Division
> Northeast Region
> The Curtis Center, Suite 850 West



170 South Independence Mall West
Philadelphia, PA

A copy of said checks shall also be mailed to the following address: U.S. Department of

Labor, Wage and Hour Division, Boston District Office, JFK Building, Room 525, 15 New

Sudbury Street, Boston, MA 02203.

On or before August 17, 2018, Defendants shall deliver, jointly and severally, to the

United States Department of Labor, Wage and Hour Division, Northeast Regional Office, The

Curtis Center, Suite 850 West, 170 S. Independence Mall West, Philadelphia, PA 19106, a

statement showing the following: employers' Federal ID number(s), the name of each employee

listed in Exhibit A, and each employee's current address and social security number.

When recovered wages have not been claimed by an employee within three years,

because of inability to locate the employee or because of the employee's refusal to accept such

sums, the Secretary of Labor shall deposit the wages into the United States Treasury as

miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

Defendants shall not, under any circumstances, solicit repayment of any amount paid to

any employee in connection with this Judgment. In the event any such amount is received from

any employee, Defendants shall immediately remit such amount to the U.S. Department of Labor

at the Philadelphia, PA address set forth above.

It is also ORDERED, ADJUDGED and DECREED that Defendants shall pay, jointly and

severally, the civil money penalties, issued pursuant to Section 16(e) of the Act, 29 U.S.C. §

216(e), and 29 C.F.R. §§ 579.1–579.5, in the amount of $8,317.00 in accordance with the

payment plan set out in Exhibit B of this agreement, to the Wage and Hour Division. The civil

money penalty portion of this Judgment will be deemed satisfied when Defendants deliver to

4



Plaintiff $8,317.00, as part of the payment plan set out in the attached Exhibit B, no later than November 8, 2018.

Defendants shall not fail to deliver the amounts due on or before the date they are due. In the event of such failure the entire balance of back wages, liquidated damages and civil money penalty shall immediately become due and owing.

It is also ORDERED, ADJUDGED and DECREED that on or before 30 days from the entry of this Judgment Defendants will engage a qualified, independent consultant with specific knowledge and experience regarding the requirements of the Act.  The consultant shall provide an initial consultation to create a system which will ensure that said Defendants' pay and recordkeeping practices are in compliance with the Act's requirements, and will, on a quarterly basis, beginning on or before 60 days from the entry of this judgment and ending two (2) years plus sixty (60) days from the date of entry of this judgment, review said Defendants' pay and recordkeeping practices and submit a report to the District Director of the Boston District Office of the Wage and Hour Division, JFK Federal Building, Room 525, Boston, MA 02203, which report shall address any and all pay and/or recordkeeping problems revealed by the review, and shall detail any and all corrective actions taken by Defendants.

It is further ORDERED, ADJUDGED and DECREED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

Dated: _____ September 7, 2018 _____

> /s/ Leo T. Sorokin _____
> United States District Judge

5

Defendants hereby consent to
entry of this judgment.

Plaintiff moves for entry of
this Judgment:

Klaus Restaurants, Inc.
Defendant

Kate S. O'Scannlain
Solicitor of Labor

By_____
L. Richard LeClair, III,  Esq.
LeClair & LeClair, P.C.
707 Main Street
Waltham, MA 02451
(781) 893-5655
BBO# 561650

Christine Eskilson
Acting Regional Solicitor

Susan G. Salzberg / by James
Glickman, with
permission of
SGS

Susan G. Salzberg
Senior Trial Attorney
salzberg.susan@dol.gov
MA BBO No. 556437

Klaudjon Totoni
Defendant

By_____
Klaudjon Totoni

KT

# EXHIBIT A

| Last Name | First Name | Backwages | Liquidated Damages | Total Due |
|---|---|---|---|---|
| Arlind | Dajko | $9,577.66 | $9,577.66 | $19,155.32 |
| Assouan | Kamal | $4,682.88 | $4,682.88 | $9,365.76 |
| Danieleto | Fabio | $18, 178.85 | $18,178.85 | $36,357.70 |
| DeSouza | Ivan | $11,770.48 | $11,770.48 | $23,540.96 |
| DeSouza | Lindsey | $3,011.78 | $3,011.78 | $6,023.56 |
| Elouizi | Jaouad | $9,577.66 | $9,577.66 | $19,155.32 |
| Filho | Dimas | $8,754.68 | $8,754.68 | $17,509.36 |
| Giannis | Alban | $9,577.66 | $9,577.66 | $19,155.32 |
| Hasmuca | Shkelquim | $9,577.66 | $9,577.66 | $19,155.32 |
| Konomi | Vangio | $3,302.27 | $3,302.27 | $6,604.54 |
| Mosho | Alfred | $7,653.64 | $7,653.64 | $15,307.28 |
| Ruela | Lucio | $1,094.05 | $1,094.05 | $2,188.10 |
| Silva | Juliana | $4,789.93 | $4,789.93 | $9,579.86 |
| Viana | Joel | $14,292.30 | $14,292.30 | $28, 584.60 |
| **Total** | | | | **$231,683.00** |

## Exhibit B

Klaus Restaurants, Inc., d/b/a Village Pizza and Grill and Klaundjon Totoni
Payment Plan

Back wages, Liquidated Damages, and Civil Money Penalty payments will be made as follows:

| Date: | Amount Due: |
|---|---|
| September 5: | $80,000.00 towards Payment of Back Wages and Liquidated Damages; |
| On October 5, 2018: | $80,000.00 toward Payment of Back Wages and Liquidated Damages; |
| On November 8, 2018: | $80,000.00 toward Payment of Back Wages, Liquidated Damages and Child Labor Civil Money Penalties |